UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

LEROY BOLDEN,

        Plaintiff,

  -against-

NYC POLICE DEPT; POLICE OFFICER
JOHN DOE #1; POLICE OFFICER
JOHN DOE #2; POLICE OFFICER JANE
DOE #1; POLICE OFFICER JANE DOE #2,

        Defendants.

----------------------------------------X

**MEMORANDUM
AND ORDER**
07-CV-0057 (BMC)

**COGAN**, United States District Judge:

    Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Liberally construing plaintiff's complaint, he argues principally that defendant police officers violated his constitutional rights by falsely arresting him, forcibly and unlawfully entering his apartment at 106-38 150th Street in Queens, and by using excessive force on December 22, 2004. Plaintiff seeks damages and the return or replacement of his property. By Order dated February 14, 2007, the Court dismissed three defendants and directed plaintiff to amend his complaint within thirty days of the date of the Order to provide further identifying information about the only remaining John and Jane Doe defendants, all of whom are police officers. The Court construes plaintiff's undated, non-captioned submission received on March 22, 2007 as an amended complaint. Despite the continued deficiencies of the pleading, the Court permits the case to proceed as set forth below.

1

**Background**

Plaintiff alleges that Mr. William O'Leary owned the property located at 106-38 150th Street in Jamaica, New York where plaintiff was a tenant for over thirty years. In 1999, Mr. O'Leary passed away and his son assumed ownership of the property. When the younger Mr. O'Leary left Queens for Florida in 2003, plaintiff remained as the only tenant and was "left with custody" and was appointed "overseer" of the property by its owner. Amended Complaint at ¶ 3. "On or about February 14, 2004, the Real [E]state buyer came [] to take over the building." Id. at ¶ 4. Under circumstances that remain unclear after the Court's reading of both of plaintiff's submissions, Clinton Graham assumed control of the property and sought to have plaintiff removed from the premises.

Plaintiff alleges that Graham called the police and plaintiff was arrested on Labor Day, September 2004, for possession of a gun although he only had a pocket knife. Id. at ¶ 4. A second arrest of plaintiff occurred on December 22, 2004 at the same address after Graham summoned the police alleging that plaintiff had violated an order of protection restraining contact between Graham and plaintiff. Plaintiff alleges that: (i) he did not violate the restraining order; (ii) his apartment was unlawfully entered; and, (iii) all of his possessions including clothes, furniture, personal papers, pictures were taken. Id. at 2.

Plaintiff further alleges that he was assaulted by the police officers in his home on December 22, 2004. He states that he was pushed down the stairs, kicked in the left side of the head causing the plaintiff to lose his hearing and causing his dentures to be knocked out, and his right hand was stomped on when he tried to recover his dentures. Id. Plaintiff was treated at Mary Immaculate Hospital for a "head injury, headache, strains and sprains, back and neck pain,

ear and toothache." Id. at 3.

**Identifying the Defendant Police Officers**

In the Court's February 14, 2007 Order, plaintiff was directed to provide identifying information regarding the police officers who allegedly violated his constitutional rights. Specifically plaintiff was directed to "identify the precinct at which each officer works, the officer's role in the incident and, if he is unable to provide the name of the officer, plaintiff should provide descriptive information regarding each officer such as clothing, gender, height, weight, and hair color." Slip op. at 5.

In his amended complaint, plaintiff provides the following information. There were "about 6" female officers and "6 or 7" male officers from the 103rd Precinct at the arrest on December 22, 2004. Amended Complaint at 2-3. According to plaintiff, out of the six or seven male officers, "2 beat me up." Id. at 3. The first police officer was five feet, five inches tall, one hundred sixty pounds, small narrow face, black hair, and appeared to be Hispanic. Id. at 2. He was the one who "stomped on my hand." Id. The second officer, was five feet, five inches tall, weighed one hundred forty pounds, "sand[y] dark brown" hair, face round, "small eye," perhaps "Spanish or Cub[an]" Id.

Thus, while plaintiff's amended complaint provides descriptive information of the two officers allegedly involved in the assault of plaintiff, they have not been identified by name or badge number and the other officers involved in plaintiff's December 22, 2004 arrest have not been identified.

In Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997)(per curiam), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a

3

defendant. The caption of plaintiff's complaint lists four unnamed officers, who he claims, participated in his arrest on December 22, 2004. The text of his complaint lists twelve to thirteen officers who participated in his arrest on December 22, 2004. The United States Marshal Service will not be able to serve the intended defendants without further information. The problem encountered by plaintiff is a common one, as it is frequently difficult for *pro se* litigants to identify individual law enforcement officers.

Accordingly, the Court hereby requests the Corporation Counsel of the City of New York to ascertain the full names and badge numbers of the unidentified officers whom plaintiff seeks to sue. The Corporation Counsel is also requested to provide the address where each defendant can currently be served. The Corporation Counsel need not undertake to defend or indemnify any of these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in <u>Valentin</u>.

The Corporation Counsel of the City of New York is hereby requested to produce the information specified above regarding the identities of the officers involved in plaintiff's December 22, 2004 arrest within 45 days of this Order. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full names and badge numbers of these officers, summonses shall be issued and the Court shall direct service on the defendants.

**Conclusion**

The Court directs the United States Marshal Service to serve a copy of this Order, the Complaint, the Amended Complaint and the Court's February 14, 2007 Order upon the Corporation Counsel of the City of New York. The Court refers this matter to Magistrate Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
April 19, 2007

Copies to:

LEROY BOLDEN
895-06-00285
N.I.C.
1500 Hazen Street
East Elmhurst, NY 11370

MURIEL GOODE-TRUFANT, Esq.
Chief, Special Federal Litigation
Office of the Corporation Counsel
100 Church Street
New York, NY 10007